UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Petitioner,

vs.

                                                    Crim. Case No. 97-CR-80227

ALBERT BURSEY,

    Defendant.

_____/

**ORDER DENYING REQUEST FOR REVIEW OF SENTENCE
UNDER 28 U.S.C. § 3742**

I.

This is a criminal case. Defendant has filed a paper styled "Request for Review of Sentence (Under 18 U.S.C. § 3472)[1]" essentially claiming that his sentence violates the principles in the Supreme Court cases of Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 125 S.Ct. 738 (2005) because the Court determined defendant's sentence relying on evidence neither contained in the indictment or found by a jury beyond a reasonable doubt. For the reasons that follow, the motion is DENIED.

II.

On February 23, 1998, defendant pled guilty under a Rule 11 agreement with the government to Count One of the First Superseding Indictment, charging him with

---

[1] Although defendant cites 18 U.S.C. § 3472, that section does not exist. Rather, it is assumed that defendant is moving under 18 U.S.C. § 3742.

1

conspiracy to posses with intent to distribution cocaine, in violation of 21 U.S.C. § 846 and § 841(a)(1).  The indictment alleged that the conspiracy involved 5 kilograms or more of cocaine.  As part of his plea agreement, defendant waived his right to contest the accuracy of the drug quantity attributed to him under U.S.S.G. § 2D1.1.  The plea agreement provided that: "The parties agree that all sentencing guidelines have been identified in this agreement (which includes the attached worksheets), and that the parties will raise no others."  The agreement further stated: "Defendant agrees not to appeal the accuracy of any factor stipulated to in the attached worksheets."  Attached "Worksheet A" calculated the total offense level, providing a drug quantity of 150 kilograms of cocaine.  The plea agreement capped defendant's sentence at 226 recommending a sentence of no greater than 162 months.  The presentence investigation report held Bursey accountable for 50 to 150 kilograms of cocaine, which placed his base offense level at 36; defendant's total offense level was 37.  With an offense level of 37 and a criminal history category of I, the sentencing guidelines produced a range of 210 to 262 months.  Defendant objected to the presentence report on the grounds that the amount of drugs attributed to him was wrong; defendant claimed only 4 kilograms were involved in the offense.  The Court found the objections lacking in merit and sentenced defendant on December 18, 1998 to 10 years (120 months) imprisonment.

Defendant's conviction and sentence were affirmed on direct appeal.  See United States v. Bursey, No. 99-1006, 99-1011, 2000 WL 712377, 215 F.3d 1327 (6th Cir. May 23, 2000) (unpublished).

Thereafter, defendant filed a motion under § 2255 claiming that his sentence

violated Apprendi v. New Jersey, 530 U.S. 466 (2000). The Court denied the motion on the grounds that Apprendi did not apply because defendant's sentence of 120 months did not exceed the statutory maximum. Indeed, defendant in fact received the statutory minimum sentence. Defendant also argued that the Court erred in rejecting his objections to the presentence report regarding the calculation of his offense level, arguing that he should only be accountable for 4 kilograms of cocaine. The Court rejected the claim because the Court of Appeals for the Sixth Circuit held that defendant had waived any objection to drug quantity in his plea agreement and that this determination of waiver was binding on this Court on collateral review. See Memorandum and Order filed August 16, 2001. The Court and the Sixth Circuit subsequently denied a certificate of appealability.

On April 11, 2005, defendant filed the instant motion, in which he again challenges his sentence.

III.

As the government points out, 18 U.S.C. § 3742 does not provide a jurisdictional basis for the Court to review defendant's sentence. Section 3742[2] confers authority for

---

[2] 18 U.S.C. § 3742 provides:
(a) Appeal by a defendant.--A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence--
(1) was imposed in violation of law;
(2) was imposed as a result of an incorrect application of the sentencing guidelines; or
(3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
(4) was imposed for an offense for which there is no sentencing guideline and is

appellate courts to review a sentence. Defendant obtained such review by the Sixth Circuit several years ago. Defendant's challenge to his sentence on the basis of <u>Blakely</u> and <u>Booker</u> falls within the purview of a motion under § 2255. Because defendant has already filed one § 2255 motion, he would need authorization from the Court of Appeals to file a second or successive § 2255 motion. <u>See</u> 28 U.S.C. § 2244(b)(2). Such permission is not likely, however, as the Sixth Circuit has held that the holding in <u>Booker</u> does not apply to cases on collateral review. <u>See</u> <u>Humphress v. United States</u>, 398 F.3d 855 (6th Cir. 2005).

    SO ORDERED.

                                      s/Avern Cohn  
                                      AVERN COHN  
                                      UNITED STATES DISTRICT JUDGE

Dated: November 2, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 2, 2005, by electronic and/or ordinary mail.

                                      s/Julie Owens  
                                      Case Manager  
                                      (313) 234-5160

---

    plainly unreasonable